The decision below is signed as a decision of

the court.

Signed: January 03, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| THE NATIONAL LATINA/O | ) | Case No. 04-01537 |
| LESBIAN, GAY, BISEXUAL & | ) | (Chapter 7) |
| TRANSGENDER ORGANIZATION, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Debtor. | ) | |

MEMORANDUM DECISION REGARDING
<u>MOTION TO ALLOW PAYMENT OF MISFILED PRIORITY CLAIM</u>

Martin Ornelas has filed a Motion to Allow Payment of Misfiled Priority Claim.  This decision will assume, without deciding, that Ornelas's version of the facts is correct.  Ornelas's motion will be denied without prejudice for the following reasons.

I

Ornelas timely filed a proof of claim which included a wage priority claim for $4,925.00, but the case number on the proof of claim was erroneously reflected as being 01-01537 instead of 04-01537.  By a later letter of October 12, 2005, well before the trustee prepared his final report, Ornelas's counsel notified the clerk of the mistake, but the clerk failed to correct the claims

register in this case (Case No. 04-01537) to reflect Ornelas's claim.

The trustee filed, and the court approved, a final report that included no distribution on Ornelas's priority claim.  He then made distributions pursuant to that report.  Two claimants, Jose Melendez and Iemld Aguirre (who held wage priority claims aggregating $6,084.29 out of the $42,452.54 in total wage priority claims listed on the final report), failed to claim $4,305.79 in distribution checks, and on August 2, 2007, the trustee deposited those funds in the registry of the court pursuant to 28 U.S.C. § 2041 (made applicable to this case by 11 U.S.C. § 347(a)).  Ornelas's motion seeks to have that $4,305.79 in uncashed distribution checks applied to his priority claim of $4,925.00.

II

The trustee appears to have distributed $30,043.23 in funds. That figure is derived by examining the percentage distribution that was made on the two priority claims whose distributions went unclaimed.[1]  Those claims totaled $6,084.29 (the sum of $1,159.29 plus $4,925.00).  Their holders received a distribution of

---

[1] The amounts distributed on the two priority claims whose distributions went unclaimed exceeded the amounts listed in the final report as being proposed to be distributed.  This undoubtedly arose because the funds held by the trustee accrued interest between the date of the filing of the final report and the date of the later distribution pursuant to that report.

2

$4,305.79 or 70.76898% (the result of $4,305.79 divided by $6,084.29). Accordingly, total funds distributed to wage priority claimants must have been the amount that would represent 70.76898% of the priority claims of $42,452.54 listed on the final report, namely, $30,043.23. Had Ornelas's priority claim been included on the final report, total wage priority claims would have been $47,377.54, and the percentage available for distribution to the priority claimants would have been 63.41238% (the result of $30,043.23 divided by $47,377.54). The final report would then show Ornelas entitled to receive only $3,123.06 (that is, 63.41238% of his priority claim of $4,925.00).[2] Clearly he is not entitled to fare better than other priority claimants, yet his motion seeks to recover 87.4272% of his claim.

III

More importantly, Ornelas's motion improperly seeks in large part to recover funds that would still belong to other claimants, Jose Melendez and Iemld Aguirre, even if Ornelas's proof of claim

---

[2] Although the motion's certificate of service does not reflect that the motion was served on the chapter 7 trustee, he has filed a response to the motion in which he reports that "there would have been a distribution of approximately 63.2 percent going to Mr. Jacobs's client or the sum of approximately $3,112.00 . . . ." I have not attempted to ascertain an explanation for the difference between my computations and the trustee's computations as it does not affect the outcome of the instant motion. I will assume for the moment that my computations are correct.

had been filed in the proper case.  Even if the final report were belatedly corrected to reflect Ornelas's wage priority claim and that wage priority claimants should accordingly have received only 63.41238% of their claims, Jose Melendez and Iemld Aguirre, the two claimants whose distributions went unclaimed, would have been entitled to distributions totaling $3,858.19 (that is, 63.41238% of their claims of $6,084.29).  Accordingly, $3,858.19 of the funds deposited in the registry of the court would belong to them, and Ornelas would not be entitled to recover that $3,858.19 even though the funds still remain unclaimed.

The court can distribute the deposited funds to only the persons having an ownership interest in the funds (namely, in the language of the governing statutory provisions, "the rightful owners" (28 U.S.C. § 2041) or "the person entitled thereto" (28 U.S.C. § 2042)).  See Hansen v. United States, 340 F.2d 142, 144 (8th Cir. 1965).  Ornelas has no ownership right to the distributions that were payable to Jose Melendez and Iemld Aguirre.  Those individuals, not Ornelas, are entitled to the distributions that were owed them, and this remains true despite their failure so far to seek an order for the funds to be paid to them out of the registry of the court.

It follows that the court must reject as well the trustee's proposal that the court release from the deposited funds to Ornelas's attorney the amount of distribution to which Ornelas

would have been entitled (that is, $3,123.06) if Ornelas's attorney "personally guarantees to return these funds to the court registry if the other creditors [Jose Melendez and Iemld Aguirre] lay claim to these funds."  The granting of a guarantee would not suffice to give Ornelas an ownership right in funds belonging to Jose Melendez and Iemld Aguirre.

IV

Had Ornelas's claim been included in the final report, the distributions to Jose Melendez and Iemld Aguirre would have aggregated $3,858.19, not $4,305.79, a difference of $447.60.  On the facts so far presented, Ornelas would be entitled to recover $447.60 pursuant to a correction of the final report (as $447.60 of the funds in the registry necessarily would belong to Ornelas if the final report were corrected).  However, Ornelas has failed to file a motion to amend the order approving the final report in order to effect a correction of the final report.  If he intends to pursue such a motion, he should file a motion to reopen the case, to waive the fee for reopening the case (if such waiver is sought and is warranted), to amend the order approving the final report, and to obtain a recovery of the $447.60 out of the

registry of the court.[3]

At least on the present record, it is unlikely that anyone would object to any such motion, and the court is sympathetic to Ornelas who appears to have been a victim of mistakes, and who through such a motion would recover a mere fraction of the amount he would have recovered but for those mistakes.  But such a motion would have to be served, at a minimum, on the United States Attorney, on the debtor and the debtor's attorney at their addresses of record, and on the former chapter 7 trustee.  Under 28 U.S.C. § 2042, the United States Attorney is entitled to notice of a motion to withdraw funds from the registry of the court.  The other parties should be given notice of an opportunity to oppose the motion so that the court is not left with what amounts to an *ex parte* motion without the opportunity for the court to obtain the views of the parties most likely to take a position regarding such a motion.[4]  Notice of such a

---

[3] Under the order approving the final report, Jose Melendez and Iemld Aguirre are the rightful owners of the deposited funds. Until that order is modified to correct the final report, they remain the individuals entitled to the funds.  Although a motion to recover funds from the registry of the court likely does not require a motion to reopen the case, a motion to amend the order approving the final report would.

[4] Although the debtor and the former trustee might lack standing to be heard on the motion (as the outcome of the motion would not affect them), they might be aware of information that could be passed along to the United States Trustee who *would* have standing to be heard.

6

motion should additionally be given to any affected creditors.[5]

V

An order follows denying Ornelas's motion without prejudice.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Bryan S. Ross, former Chapter 7 Trustee; Office of United States Trustee; Jeffrey M. Sherman, Esq. (counsel for former trustee); Lawrence S. Jacobs, Esq. (counsel for Martin Ornelas).

---

[5] To the extent that Ornelas seeks to alter the distribution entitlement of other creditors under the final report, such creditors are entitled to notice of the motion at their addresses of record.